## UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Travis Dwayne Harrell**                               Docket No. 2:19-CR-3-1D

### Petition for Action on Supervised Release

COMES NOW Jonathan A. Holmes, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Travis Dwayne Harrell, who, upon an earlier plea of guilty to 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2), Possession of a Firearm by a Felon, was sentenced by the Honorable James C. Dever III, U.S. District Judge, on September 6, 2019, to the custody of the Bureau of Prisons for a term of 21 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 36 months.

Travis Dwayne Harrell was released from custody on August 10, 2020, at which time the term of supervised release commenced.

On August 18, 2020, the defendant's conditions of supervision were modified to include physiological testing, submitting to a psychosexual evaluation, and participation in sex offender treatment. These conditions were added due to historical convictions for three counts of Indecent Liberties with a Child.

### RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

The defendant has completed his psychosexual evaluation with Helen Kafer Varnadoe. Based upon the evaluation, it is recommended the following conditions be added. The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. To ensure compliance with supervision, the defendant shall submit to unannounced searches of any computer or computer equipment (including mobile phones, tablets, and data storage devices) which may include the use of computer monitoring technology, computer search or analysis software, and copying of all data from the device and external peripherals. Such examination may require the removal of devices from the defendant's possession for the purpose of conducting a thorough inspection.

2. At the direction of the U.S. Probation Officer, the defendant shall consent to the installation of systems or software that will allow the probation officer or designee to monitor computer use on any computer that the defendant owns or is authorized to use. The defendant shall pay the costs of this monitoring.

3. The defendant shall not enter adult bookstores, sex shops, clubs or bars with exotic or topless dancers, or massage parlors.

4. The defendant shall not associate or have verbal, written, telephonic, or electronic communications with any person under the age of eighteen (18), except: (1) in the presence of the parent or legal guardian of said minor; (2) on the condition that the defendant notifies the parent or legal guardian of the defendant's conviction or prior history; and (3) with specific, written approval from the U.S. Probation Officer. This provision does not encompass persons under the age of eighteen with whom the defendant must deal in order to obtain ordinary and usual commercial services (e.g., waiters, cashiers, ticket vendors, etc.).

5. The defendant shall have no direct or indirect contact, at any time and for any reason, with the victim(s), the victim's family, or affected parties in this matter unless provided with specific, written authorization in advance by the U.S. Probation Officer.

6. The defendant shall not use, purchase, possess, procure, or otherwise obtain any computer or electronic device that can be linked to any computer networks, bulletin boards, internet, internet service providers, or exchange formats involving computers unless approved by the U.S. Probation Officer.

7. The defendant shall not loiter within 1000 feet of any area where minors frequently congregate (e.g., parks, school property, playgrounds, arcades, amusement parks, day-care centers, swimming pools, community recreation fields, zoos, youth centers, video arcades, carnivals, and circuses) without prior written permission from the U.S. Probation Officer.

8. The defendant shall not possess any legal or illegal pornographic material, including any materials depicting and/or describing "child pornography" and/or "simulated" child pornography as defined in 18 U.S.C. § 2256, nor shall the defendant enter any location where such materials can be accessed, obtained, or viewed, including pictures, photographs, books, writings, drawings, videos, or video games.

9. The defendant shall not have any social networking accounts without the approval of the U.S. Probation Officer.

10. The defendant shall not be employed in any position or participate as a volunteer in any activity that involves direct or indirect contact with children under the age of eighteen (18) without written permission from the U.S. Probation Officer. Under no circumstances may the defendant be engaged in a position that involves being in a position of trust or authority over any person under the age of eighteen.

11. The defendant shall consent to a warrantless search by a United States probation officer or, at the request of the probation officer, any other law enforcement officer, of his/her, person and premises, including any vehicle, to determine compliance with the conditions, of this judgment.

Except as herein modified, the judgment shall remain in full force and effect.

Travis Dwayne Harrell
Docket No. 2:19-CR-3-1D
Petition For Action
Page 3

Reviewed and approved,

/s/ Maurice J. Foy
Maurice J. Foy
Supervising U.S. Probation Officer

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Jonathan A. Holmes
Jonathan A. Holmes
U.S. Probation Officer
310 New Bern Avenue, Room 610
Raleigh, NC 27601-1441
Phone: 9196104087
Executed On: October 23, 2020

## ORDER OF THE COURT

Considered and ordered this **26** day of **October**, 2020, and ordered filed and made a part of the records in the above case.

James C. Dever III
U.S. District Judge